**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1396 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00482-AB-1 |
| v. | |
| JUAN CARLOS SOTELO, AKA Alex Sotelo, AKA Juan Sotelo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
André Birotte Jr., District Judge, Presiding

Argued and Submitted November 18, 2024
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Juan Carlos Sotelo (Sotelo) appeals his conviction for being found in the

United States following deportation in violation of 8 U.S.C. § 1326(a), (b)(1). We

have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** "We review de novo the district court's decision on a motion to dismiss an

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

indictment under 8 U.S.C. § 1326 when the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Valdivias-Soto*, 112 F.4th 713, 721 (9th Cir. 2024) (citation, alteration, footnote reference, and internal quotation marks omitted). A defendant may collaterally attack a prior deportation if the deportation proceeding violated due process. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987). "By statute, defendants may not bring such collateral attacks unless they demonstrate that [] they exhausted any administrative remedies that may have been available to seek relief against the removal order . . ." *United States v. Palomar-Santiago*, 593 U.S. 321, 323 (2021) (alterations and internal quotation marks omitted). Sotelo did not appeal the order of the Immigration Judge (IJ) finding him ineligible for relief from deportation, and therefore did not exhaust available administrative remedies. *Id*. at 328.

Sotelo argues that his waiver of the right to appeal the IJ's order was not "considered and intelligent." *Valdivias-Soto*, 112 F.4th at 725. However, the IJ explained the right to appeal and requested confirmation in a group setting. Subsequently, the IJ asked Sotelo individually three times if he wished to appeal. Sotelo twice stated that he wanted to appeal his decision; however, after he was advised that if he did not appeal the decision, he could leave the United States immediately, he stated that he did not want to appeal. *See United States v. Corrales-Beltran*, 192 F.3d 1311, 1317-18 (9th Cir. 1999*)* (determining that

2                                                                    23-1396

express waiver motivated by defendant's desire "to get out of custody and be deported to Mexico" was knowing and intelligent).

2. "[W]e review the court's decision to admit evidence as non-hearsay for abuse of discretion. . . ." *United States v. Lucas-Hernandez*, 102 F.4th 1039, 1042 (9th Cir. 2024) (citation omitted). Sotelo contends that the proffered Mexican birth certificate was inadmissible hearsay. But even if the birth certificate should have been excluded, any error was harmless because "it is more probable than not that [admitting the birth certificate] did not materially affect the verdict." *Id*. at 1042-43 (citation and footnote reference omitted). Sotelo informed immigration authorities on five separate occasions that he was either born in Mexico or is a Mexican citizen. There was no United States birth certificate in Sotelo's A-file, and Sotelo testified that he twice applied to be a citizen—something he would not have done if he already was a citizen.

3. "We review for abuse of discretion a district court's decision to admit evidence of a prior conviction under Rule 609(b). . . ." *United States v. Bensimon*, 172 F.3d 1121, 1125 (9th Cir. 1999) (citation omitted). Sotelo maintains that the district court abused its discretion by failing to weigh the probative value of the conviction evidence against the prejudicial effect. However, any error was harmless because, as explained, the evidence against Sotelo was overwhelming. *See United States v. Bagley,* 772 F.2d 482, 488-89 (9th Cir. 1985), *as amended*

(describing "district court's erroneous ruling on [Defendant's] Rule 609 motion" as "more probably than not harmless" when there was "overwhelming evidence of guilt.").

4. "Where the defendant has not objected to the alleged misconduct at trial, we review for plain error. . . ." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015). Sotelo argues on appeal that the prosecutor's questioning of immigration officers on the likely consequences of incorrectly completing deportation forms and referencing their responses in closing arguments, constituted impermissible vouching. However, we have generally found impermissible vouching in the context of one witness being asked to comment on the veracity of another witness, or when there is reference to facts not before the jury. *See United States v. Combs*, 379 F.3d 564, 567, 575-76 (9th Cir. 2004); *see also Alcantara-Castillo*, 788 F.3d at 1197. There was no plain error based on the facts of this case, which do not mirror the facts in our precedent concluding that impermissible vouching occurred. *See United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) (stating that "[a]n error cannot be plain where there is no controlling authority on point") (citation omitted).

5. Dismissal of a juror during deliberations is reviewed for an abuse of discretion. *See United States v. Symington,* 195 F.3d 1080, 1085 (9th Cir. 1999). A juror must not be dismissed if "the record evidence discloses any *reasonable*

possibility that the impetus for a juror's dismissal stems from the juror's views on the merits of the case." *Id*. at 1087 (emphasis in the original). Ultimately, the district court asked the juror if she could "apply the law as [] give[n] to you to the facts as you find them, whether [she] agree[d] with the law or not." The juror responded: "I said no." On this record, we are persuaded that the district court did not abuse its discretion. The juror was dismissed because she would not commit to fulfilling her "sworn duty to follow the law as instructed by the court," not because of her views "regarding the sufficiency of the evidence." *United States v. Christensen*, 828 F.3d 763, 807 (9th Cir. 2015), *as amended* (citation omitted).

**AFFIRMED.**